IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY<br>175 Berkeley Street<br>Boston, MA 02116<br><br>     Plaintiff,<br><br>     v.<br><br>COUNTY OF DELAWARE, PENNSYLVANIA,<br>Government Center Building<br>201 West Front Street<br>Media, Pennsylvania 19063,<br><br>COUNTY COUNCIL OF THE COUNTY OF<br>DELAWARE, PENNSYLVANIA,<br>Government Center Building<br>201 West Front Street<br>Media, Pennsylvania 19063,<br>and<br><br>DELAWARE COUNTY DEPARTMENT OF<br>PUBLIC WORKS.<br>Government Center Building<br>201 West Front Street<br>Media, Pennsylvania 19063,<br>     Defendants. | CIVIL ACTION NO._____ |

## COMPLAINT

Plaintiff Liberty Mutual Insurance Company ("Liberty"), by way of Complaint against Defendants, County of Delaware, Pennsylvania; County Council of the County of Delaware, Pennsylvania; and Delaware County Department of Public Works, hereby alleges and states as follows:

## THE PARTIES

1. Plaintiff Liberty is a Massachusetts corporation authorized to issue surety bonds in the Commonwealth of Pennsylvania, and has its principal place of business at 175 Berkeley Street, Boston, MA 02116.

2. Defendant County of Delaware, Pennsylvania is a county of the Commonwealth of Pennsylvania and maintains an office at Government Center Building, 201 West Front Street, Media, PA 19063.

3. Upon information and belief, defendant County Council of the County of Delaware is the governing legislative body of the County of Delaware, Pennsylvania and maintains an office at Government Center Building, 201 West Front Street, Media, PA 19063.

4. Upon information and belief, defendant Delaware County Department of Public Works is an administrative agency of the County of Delaware, Pennsylvania and maintains an office at Government Center Building, 201 West Front Street, Media, PA 19063.

5. The parties named in paragraphs 2, 3, and 4 are referred to collectively herein as "the County."

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between citizens of different states.

7. Venue in this District is proper under 28 U.S.C. § 1391(a)(2) in that the events giving rise to this action occurred in this District.

## BACKGROUND

8. On or about July 25, 1997, Richard Dean, Inc. ("RDI"), a general contractor, entered into a contract with the County of Delaware to renovate and build an addition to Fair Acres Building 19 in Delaware County, Pennsylvania ("Fair Acres Project") for $993,000.00 ("Contract").

9. Upon information and belief, the bidding process by which RDI was selected as general contractor was approved by defendant County Council of the County of Delaware, Pennsylvania.

10. Upon information and belief, the Fair Acres Project was administered and supervised by defendant Delaware County Department of Public Works.

11. On July 23, 1997, plaintiff Liberty, as surety on behalf of RDI, as principal, issued Performance and Payment Bonds in favor of the County of Delaware, as obligee, in connection with the Fair Acres Project.

12. Vitetta Group was hired by the County to serve as the Architect for the Fair Acres Project, and at all times acted as an authorized agent of the County.

13. During the course of the Fair Acres Project, the County made changes to RDI's scope of work under the Contract. Some of those changes reduced RDI's scope of work and other changes added to RDI's scope of work. The net result of the changes was that the value of RDI's scope of work set forth in the Contract increased by $216,004.85, so that the revised Contract sum was $1,209,004.85.

14. The Contract consisted of separate documents entitled "General Conditions," "Invitation to Bidders," "Proposal," and a two volume set of Specifications and other Addenda, which in turn referenced drawings.

15. The Contract's payment provisions required the County of Delaware to pay RDI for all work completed on the Fair Acres Project.

16. Under the terms of the Contract, the County of Delaware was allowed to retain from its payments to RDI up to 10% of the total amounts due for work performed until the Fair Acres Project was completed, at which time the County was required to pay any monies it held as retainage to RDI.

17. RDI's work on the Fair Acres Project was substantially completed by February 23, 1999.

18. On March 24, 1999, the Commonwealth of Pennsylvania issued an Occupancy Permit for Fair Acres Building 19.

19. After the work on the Fair Acres Project was substantially completed, RDI and the Architect, Vitetta, compiled several Supplemental Deficiencies Lists containing minor "punchlist" items to be repaired and/or completed ("Punchlist Items").

20. In June of 1999, after the project was substantially complete, RDI informed Liberty that it would require financial assistance to, among other matters, complete the Punchlist Items.

21. Pursuant to an agreement between Liberty and RDI, Liberty financed RDI, which financing enabled RDI, among other matters, to complete the Punchlist Items on the Fair Acres Project.

22. RDI also provided written notice to the County of Delaware that all payments owed to RDI in connection with the Fair Acres Project were assigned to Liberty, and that all payments due under the Contract to RDI should be paid to Liberty.

23. RDI's work under the Contract was complete by October of 1999.

24. During the course of the Fair Acres Project, RDI submitted to the County of Delaware Applications and Certificates for Payment, with attached Continuation Sheets (on standard AIA Forms G702 and G703), for the work performed under the Contract, including any additional work.

25. In particular, on or about March 25, 1999, RDI submitted to the County of Delaware Application and Certificate for Payment No. 15 with attached Continuation Sheets, for work completed from November 7, 1998 through March 25, 1999.

26. The total amount due for work completed from November 7, 1998 through March 25, 1999 was $55,912.25.

27. The County of Delaware has not paid RDI or Liberty any portion of the $55,912.25, nor has it set forth, in writing, the basis upon which it failed to pay for RDI's work, despite RDI and Liberty's request.

28. On or about October 7, 1999, RDI submitted to the County of Delaware Application and Certificate for Payment No. 16, with attached Continuation Sheets, requesting payment of $45,794.50 for work completed from March 26, 1999 through October 7, 1999, $38,467.03 for unpaid additional work requested by the County, and $56,237.17 for the contract funds that the County of Delaware had retained under the Contract.

29. The total amount due for the completed original contract work, the unpaid additional work, and the retainage was $140,498.70.

30. The County of Delaware has not paid RDI or Liberty any portion of the $140,498.70, nor has it set forth, in writing, the basis upon which it failed to pay for RDI's work,

despite RDI and Liberty's request.

31. Accordingly, the total amount due and unpaid under the Contract for RDI is $196,410,95.

## COUNT I -- BREACH OF CONTRACT

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. The County of Delaware is obligated under the Contract to pay RDI for all work completed on the Fair Acres Project.

34. RDI performed its work in accordance with the Contract.

35. RDI has satisfied all conditions precedent to payment set forth in the Contract.

36. The amount due from the County for contract work completed by RDI between November 7, 1998 and March 25, 1999 is $55,912.25.

37. The amount due from the County for Contract work completed by RDI between March 26, 1999 and October 2, 1999 is $45,794.50.

38. By failing to pay RDI or Liberty for the work completed by RDI between November 1998 and October 1999, without any basis in writing for withholding payment for the work that RDI performed, the County has breached the Contract.

39. Accordingly the County is liable to Liberty, as the assignee and financing surety for RDI, in the amount of $ 101,706.75.

WHEREFORE, Plaintiff Liberty Mutual Insurance Company demands judgment in its favor and against the County of Delaware, Pennsylvania, the County Council of the County of

Delaware, Pennsylvania, and the Delaware County of Public Works in the amount of $101,706.75, plus interest and such further relief as the Court deems necessary.

## COUNT II -- BREACH OF CONTRACT

40. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

41. The County of Delaware is obligated under the Contract to pay RDI for all work completed on the Fair Acres Project, including additional work.

42. RDI performed its additional work in accordance with the Contract.

43. RDI has satisfied all conditions precedent to payment for additional work as set forth in the Contract.

44. The unpaid amount due to RDI from the County of Delaware for the additional work RDI completed on the Fair Acres Project is $38,467.03.

45. By failing to pay $38,467.03 for the additional work completed by RDI, the County of Delaware has breached its Contract with RDI.

46. Accordingly, the County is liable to Liberty, as RDI's assignee and as the financing surety for RDI, in the amount of $38,467.03.

WHEREFORE, Plaintiff Liberty Mutual Insurance Company demands judgment in its favor and against the County of Delaware, Pennsylvania, the County Council of the County of Delaware, Pennsylvania, and the Delaware County of Public Works in the amount of $38,467.03 plus interest and such further relief as the Court deems necessary.

## COUNT III- BREACH OF CONTRACT

47. Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through

46 as if fully set forth herein.

48. The County of Delaware is obligated under the Contract to pay RDI for all sums of money it withheld as retainage upon completion of the Fair Acres Project.

49. The Fair Acres Project was finally completed by October 1999, when RDI submitted its final application and Certificate for Payment No. 16.

50. By failing to pay the $56,237.17 retained under the Contract, the County of Delaware has breached its Contract with RDI.

51. Accordingly, the County is liable to Liberty, as RDI's assignee and as the financing surety for RDI, in the amount of $ 56,237.17.

WHEREFORE, Plaintiff Liberty Mutual Insurance Company demands judgment in its favor and against the County of Delaware, Pennsylvania, the County Council of the County of Delaware, Pennsylvania, and the Delaware County of Public Works in the amount of $56,237.17 plus interest and such further relief as the Court deems necessary.

## COUNT IV – VIOLATION OF THE CONTRACTS FOR PUBLIC WORKS ACT

52. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through

51 as if fully set forth herein.

53. The Contract between RDI and the County of Delaware is governed by 62 Pa.C.S.A. § 3901, *et seq.*, Contracts for Public Works, also known as the Prompt Payment Act.

54. Pursuant to 62 Pa.C.S.A. §3931(a), performance by RDI in accordance with its Contract with the County of Delaware entitles RDI to a payment from the County.

55. RDI performed its work in accordance with the Contract.

56. RDI has satisfied all conditions precedent to payment set forth in the Contract.

57. Despite this, without any basis in writing to do so, the County of Delaware has failed to pay to Liberty the amounts owed for Applications and Certificates for Payment Nos. 15 and 16.

58. Under the Prompt Payment Act, the County of Delaware may lawfully withhold payment only under certain narrow circumstances. One of those circumstances is set forth in 62 Pa.C.S.A. § 3934(b), which states that the owner <u>may</u> only withhold payment "for deficiency items according to terms of the contract," but "<u>shall</u> pay the contractor . . . for all other items which appear on the application for payment and have been satisfactorily completed." (Emphasis added).

59. If payment had been withheld because of a deficiency item, however, the County of Delaware was required to notify RDI of the alleged deficiency within 15 days from receipt of the Application and Certificate For Payment. 62 Pa.C.S.A. §3934(b).

60. The County of Delaware failed to comply with these notification requirements.

61. The Contracts for Public Works Act also provides that the final payment of retainage should be paid within 45 days of completion of the Fair Acres Project. 62 Pa.C.S.A. § 3941(a).

62. RDI completed its work under the Contract on the Fair Acres Project by October of 1999, therefore, the County of Delaware was required to pay Liberty the amounts it held as retainage no later than December, 2000. The County of Delaware failed to do so.

63. The Prompt Payment Act also provides that the County of Delaware may

9

withhold an amount required to complete any minor items from the final payment, based upon the architect or engineer's certification of the amount to be withheld. Id.

64.     The County of Delaware has not provided to Liberty any listing of minor items that still need to be completed, or any certification by the architect or engineer that a certain amount should be withheld for that purpose.

65.     Accordingly, the County of Delaware has failed to meet this precondition to withholding payment.

66.     Finally, the County may withhold payment from a prime contractor, if another contractor on the project claims increased costs as a result of delays caused by or actions of the prime contractor. 63 Pa. C.S.A. §3921 (a). The amount withheld may equal one and a half times the amount sought from the County by the other contractor.

67.     The County has never provided written notice or any other information setting forth the legal or factual basis for withholding money owed under the Contract based upon any claim made by another contractor.

68.     Accordingly, the County has violated the Prompt Payment Act because it: (a) has not provided any Certification by the Architect that any amount needs to be withheld in order to complete minor items of work, (b) has not provided written notice of the legal or factual basis for its withholding money as a result of any claim made by another contractor, and (c) has withheld more than one and a half times the amount of any claim made by another contractor, without proper written notification of the basis upon which it has done so.

69.     Accordingly, in addition to the amounts owed under the Contract, the County is also liable to Liberty, as RDI's assignee and the financing surety for RDI, for interest, penalties

and attorney fees.

WHEREFORE, Plaintiff Liberty Mutual Insurance Company hereby demands judgment in its favor and against the County of Delaware, Pennsylvania, the County Council of the County of Delaware, Pennsylvania, and the Delaware County of Public Works in the amount of $196,410.95, plus legal interest of 10% per annum pursuant to 62 Pa.C.S.A. § 3941(b), penalty interest of 1% per month, attorneys fees pursuant to 62 Pa.C.S.A. § 3935(a) & (b), and such further relief as the Court deems necessary.

.

              BAZELON  LESS & FELDMAN

              _____
              Jennifer L.  Hoagland
              Attorney I.D. No.  57256
              Greg A.  Rowe
              Attorney I.D. No.  80066
              1515 Market Street, Suite 700
              Philadelphia, PA  19102-1907
              (215) 568-1155
              Attorneys for Plaintiff

May 14, 2002

J:\Liberty Bond & Mutual, 3536\Fair Acres, 00011\Pleading\Complaint.wpd